UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHIRLEY TOWNSEND | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:11-CV-00118-SRU |
| BENDETT & MCHUGH, PC | : | |
| DEUTSCHE BANK NATIONAL TRUST | : | |
| COMPANY AS TRUSTEE UNDER | : | |
| POOLING AND SERVICING | : | |
| AGREEMENT DATED AS OF | : | |
| JANUARY 1, 2007 SECURITIZED | : | |
| ASSET BACKED RECEIVABLES, LLC | : | |
| TRUST 2001-NC1 c/o BARCLAYS | : | |
| CAPITAL REAL ESTATE, INC. and | : | |
| HOMEQ SERVICING | : | |
| | : | August 1, 2012 |
| Defendants. | : | |

**MEMORANDUM IN OPPOSITION OF DEFENDANT'S
MOTION TO COMPEL AND FOR SANCTIONS DATED MAY 18, 2012**

Plaintiff, Shirley Townsend, does hereby submit this Memorandum of Law in Opposition to Defendant's Motion to Compel and for Sanctions dated May 18, 2012.  In support of this objection Plaintiff represents that:

1. Defendant has failed to follow the rules proscribed by the Local Rules of Civil Procedure for the United State District Court, District of Connecticut.

2.  Defendant has failed to follow the Federal Rules of Civil Procedure.

3. Defendant failed to meet and confer as required under FRCP 37(a)(1).

4. Defendant's motion is attempting to raise moot issues.

5. Defendant is seeking to prosecute a new Motion to Compel by raising new issues.

**PROCEDURAL HISTORY/RELEVANT FACTS:**

1. On January 20, 2011 Plaintiff commenced this action with the filing of a complaint.

2. Thereafter, on May 23, 2012 Plaintiff filed an Amended Complaint on May 23, 2011 and a subsequent Amended Complaint on January 13, 2012.

3. Defendant filed its Answer and Special Defenses on July 22, 2011.

4. On January 19, 2012 Defendant served Interrogatories and Requests for Production upon the Plaintiff.

5. On April 17, 2012 Plaintiff responded to Defendant's Interrogatories and Requests for Production.

6. On May 18, 2012 Defendant filed a Motion to Compel and for Sanctions (herein "Motion to Compel").

7. On June 5, 2012 Plaintiff sent a letter to Defendant discussing the merits of said motion and seeking a resolution of discovery issues without court intervention.

8. Between June 8 and June 20, 2012 the Plaintiff and Defendant exchanged a number of email messages addressing the discovery issues of Defendant's Motion to Compel, establishing a Discovery Conference on June 12, 2012, and agreeing that the Motion to Compel would be withdrawn.[1]

9. On June 12, 2012 the parties held a discovery conference.

10. On June 20, 2012, the parties agreed to settle their discovery disputes.

11. Further, the parties jointly filed a Motion to Modify Scheduling Order, which was granted by the court.

---

[1] Plaintiff was under the belief that Defendant would withdraw the motion because Plaintiff had illustrated that the motion was not only moot, but infirm when filed.

12. On July 23, 2012 Defendant filed its Request for Adjudication, seeking to adjudicate its May 18, 2012 Motion to Compel.

## LAW AND ARGUMENT:

On its face, Defendant is seeking the court to intervene on its behalf and find that the Plaintiff has not complied with the rules of discovery; however, upon closer inspection of the Defendant motion, it appears Defendant is in violation of the rules.

Pursuant to Local Rule 37(a) for the United States District Court, District of Connecticut, no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. Further under Local Rule 37, in the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement.  If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

### Defendant Failed To Meet and Confer

At the time Defendant's motion was filed, Defendant had not followed procedures established in Local Rule 37.  Local Rule 37(a) specifically states that "*no motion . . . shall be filed* unless counsel making the motion has conferred with opposing counsel." (emphasis added). The failure of a party to confer in good faith over discovery disputes, in violation of the local

rules, clearly multiplies the proceedings unreasonably and vexatiously, providing ample authority for sanctions.

At the time Defendant's motion was filed Defendant had not conferred with opposing counsel and had not discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. Pursuant to the specific language of Rule 37(a), Defendant's motion is premature.

Prior to seeking judicial resolution of a discovery dispute, the attorney for the affected party must attempt to confer in good faith in an effort to resolve the dispute.  <u>Apex Oil Co. v. Belcher Co.</u>, 855 F.2d 1009, 1019-1020 (2d Cir. 1988).  Defendant alleges that he technically complied with the letter of FRCP 37 and Local Rule 37.  While Defendant's counsel had sent a single email to Plaintiff's counsel, this can hardly be considered a good faith attempt to confer.  The email sent by Defendant stated that "If I do not hear from you I will assume that you are unwilling to have a Rule 37 conference . . ."

While not binding authority on the District Court, the Connecticut Supreme Court in *Bhatia v. Debek*, 287 Conn. 397, 412-413 (Conn. 2008) regarding good faith:

> "…In common usage, the term good faith has a well defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose…and, generally speaking, means being faithful to one's duty or obligation. [35 C.J.S., Faith 605 (1960)] and cases cited. It has been well defined as meaning [a]n honest intention to abstain from taking an unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious…"

.

Defendant's assumption appears inappropriate based on the fact that a party may not be aware that an email was sent due to computer error, spam filters, or otherwise.   Further Defendant's counsel assumption appears to lack good faith, based on the prior dealings between the counsels. In fact, Defendant's counsel had specific knowledge that a prior email may not have reached Plaintiff's counsel. In fact, Defendant's counsel was required to forward the email to Plaintiff's counsel's legal-assistant, because Defendant's counsel had failed to respond to the email. In this instance, rather than follow the email up, or the lack of response thereto, with a phone call to confirm it was received Defendant's counsel chose to file a Motion To Compel and allege a good faith attempt to confer.

According to *Prescient Partners, L.P. v. Fieldcrest Cannon*, 1998 U.S. Dist. LEXIS 1826, 6-8 (S.D.N.Y. Feb. 18, 1998):

> Under Rule [37(a)(1)] of the Federal Rules of Civil Procedure, a motion to compel must include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action . . . ." [Fed. R. Civ. P. 37(a)(1)]. A conclusory statement in an affidavit asserting that [*7] the movant fulfilled the meet-and-confer requirement is insufficient. *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y. 1997). Rather, the movant must detail the efforts to confer and explain why they proved fruitless. See id.; *Ballou v. University of Kansas Medical Center*, 159 F.R.D. 558, 559-60 (D. Kan. 1994). A "live exchange of ideas and opinions" is required. Soto v. City of Concord, 162 F.R.D. 603, 623 (N.D. Cal. 1995). The meet-and-confer requirement mandates that parties actually meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention. *Deckon v. Chidebere*, 1994 U.S. Dist. LEXIS 12778, No. 93 Civ. 7845, 1994 WL 494885, at *5 (S.D.N.Y. Sept. 9, 1994); see also *Tri-Star Pictures*, 171 F.R.D. at 99.
>
> Courts have excused the failure to meet-and-confer where temporal exigencies required speedy action and where efforts at informal compromise would have been clearly futile. See *Reidy v. Runyon*, 169 F.R.D. 486, 490 (E.D.N.Y. 1997) (excusing failure to confer because compromise was unlikely given defendant's history of noncompliance with court

orders); *Matsushita Electric Corporation v. 212 Copiers Corp.*, 1996 U.S. Dist. LEXIS 2221, No. 93 Civ. 3243, 1996 WL 87245 at *1 (S.D.N.Y. Feb. 29, 1996) (conference would be futile in bitter litigation which included contempt citations directing the jailing of some defendants for noncompliance with court orders); *In re NASDAQ Market-Makers Antitrust Litigation*, 1996 U.S. Dist. LEXIS 4969, No. 94 Civ. 3996, 1996 WL 187409 at *2 (S.D.N.Y. Apr. 18, 1996) (excusing failure to confer in part because of imminence of deadlines for filing papers relating to class certification motion).

Defendant faced no emergency that needed attention. Defendant did not call or send a letter informing the Plaintiff of its attempt. Defendant's actions were not faithful adherence to its duty or obligation to meet and confer.   In fact, service by email must be consented to in writing and is not considered complete if the party learns that the party did not receive the email. (FRCP 5(b)(2)(E)). Hence, Defendant actions do not appear to be in good faith. Since Defendant faced no extraordinary circumstances, "…[t]he failure to meet and confer mandates denial of a motion to compel." *Prescient Partners, L.P. v. Fieldcrest Cannon, supra; Schick v. Fragin*, 1997 Bankr. LEXIS 1250, Nos. 96 B 42902, 96 B 43969, 96/ 9218 A, 1997 WL 465217 at *3 (Bankr. S.D.N.Y. Aug. 12, 1997).

### **Defendant's Motion Is Moot**

Since the time of the filling of the Motion to Compel, on May 18, 2012, the parties had held a discovery conference on June 12, 2012 and resolved a number of issues contemplated in said motion by agreement on or about June 20, 2012.  Since the time of the discovery conference Defendant has failed to file an affidavit with the court specifying the issues resolved and the issues remaining unresolved as specifically required by Local Rule 37(a). Further, the issues raised in Defendant's Motion to Compel dated May 18, 2012 are moot.  The issues raised in Defendant's Motion to Compel were addressed at a discovery conference which was held on

June 12, 2012 and by agreement on or about June 20, 2012.  Any new discovery issues should have been addressed by an additional discovery conference followed by a new motion to compel.

### **Defendant's Motion Failed To Be "[A]ccompained by" A Detailed Memorandum**

Furthermore, under Local Rule 37(b) it is required that both sides file a memoranda with the Clerk before any discovery motion is heard by the Court.  "Rule 37(b) 1 of the Local Civil Rules of the United States District Court for the District of Connecticut requires that any discovery motion filed with the court be *accompanied by* a detailed memorandum of law containing the specific items of discovery sought or opposed." <u>Goode v. Faneuff</u>, No. 3:04CV1524, 2006 WL 2401593, * (D.Conn., Aug. 18, 2006).

In the instant matter, Defendant has failed to accompany its motion with a memoranda, violation of Rule 37(b), opting instead to file a single lengthy motion to compel.   Moreover, Defendant's motion does not contain the specific items of discovery sought, rather a blanket argument regarding Plaintiff's objections.

Under Rule 37(b) each memorandum must contain  "a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed."   Here, Defendant has failed to include a specific verbatim listing of each of the items of discovery sought.  Moreover, without a specific verbatim listing of each discovery item sought, it is impossible for Defendant to set forth the reason why the item should be allowed, as required by Rule 37(b).

### CONCLUSIONS:

Defendant has failed to follow the rules proscribed by the Local Rules of Civil Procedure for the United State District Court, District of Connecticut.  Defendant has failed to follow the

Federal Rules of Civil Procedure.  Defendant is attempting to raise moot issues, those which had been resolved by means of a discovery conference held on June 12, 2012 and a final agreement on or about June 20, 2012.  Ultimately the Defendant is seeking the court to intervene on its behalf and find that the Plaintiff has not complied with the rules of discovery; however, based upon the Defendant motion appears to be in violation of the rules.

### RELIEF SOUGHT:

WHEREFORE, the Plaintiff prays this court:

1. Deny Defendant's Motion to Compel and for Sanctions dated May 18, 2012; and
2. Grant any other such relief the court deems just and proper.

        THE PLAINTIFF

        _____/s/ J. Hanson Guest_____
        By:  J. Hanson Guest Esq.
        Counsel to Defendant
        151 New Park Avenue
        Hartford, CT 06106
        (860) 231-6250 phone
        (860) 231-6252 fax
        No.: ct28167

**CERTIFICATION**

      I hereby certify that on August 1, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      By:   /s/ J. Hanson Guest
           J. Hanson Guest, Esq. (ct28167)
           Counsel to Plaintiff
           151 New Park Avenue
           Hartford, CT 06106
           (860) 231-6250 phone
           (860) 231-6252 fax
           hguest@guest-associates.com